# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1304
Lower Tribunal No. F20-6673
_____

**Avery Cuff,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Avery Cuff, in proper person.

James Uthmeier, Attorney General and Yolande M. Samerson, Chief Assistant Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

Avery Cuff ("Cuff") appeals an order denying his motion for correction of jail credit under Florida Rule of Criminal Procedure 3.801. We have jurisdiction. Fla. R. App. P. 9.141(b)(2). We reverse and remand for further proceedings.

## I.

In April 2024, Cuff filed a motion for correction of jail credit, asserting that although he was sentenced to five years with credit for time served, he received only 905 days instead of the 1,321 days he should have received. In his motion, Cuff sought an additional 416 days for the period from his arrest on May 8, 2020, until he bonded out on June 18, 2021, prior to his re-arrest on September 22, 2021. While acknowledging he signed a plea agreement, Cuff contended he did not waive any jail credit.

The trial court summarily denied the motion, finding that Cuff was awarded credit from his "last booking date" of September 22, 2021 and that no promises regarding jail credit were made during the plea colloquy. The court did not attach any supporting documents from the record to its order. This appeal followed.

## II.

"We review the summary denial of a postconviction motion de novo." Boyd v. State, 324 So. 3d 908, 913 (Fla. 2021).

**III.**

On appeal, Cuff argues the trial court erred in summarily denying his motion to correct jail credit without attaching any documents from the record to support its finding that he was not entitled to the additional 416 days. Because the motion is legally sufficient and the trial court did not attach portions of the record that conclusively demonstrate Cuff is not entitled to relief, we find the summary denial improper. Upon remand, if the trial court determines that Cuff is entitled to relief, it shall grant the motion; if the motion is denied, the trial court must attach to its order those portions of the record that conclusively show Cuff is not entitled to relief. See Icon v. State, No. 3D24-1121, 2025 WL 321746, at *1 (Fla. 3d DCA Jan. 29, 2025) ("To dispose of his claims, [the Appellant] argues the trial court was required to include documents from the record in summarily denying his motion to correct jail credit. We reverse the order under review and remand. Upon remand, if the trial court determines . . . that [the Appellant] is entitled to relief, it shall grant the motion . . . if the motion is denied, the court shall attach to the order those portions of the files and records that conclusively demonstrate [the Appellant] is not entitled to relief, as required by Rule 3.801(e), which incorporates provisions of Rule 3.850(e), (f), (j), (k), and (n)).

Reversed and remanded.

3